DE QUAN ZHENG, Yu Zheng, Petitioners,

v.

UNITED STATES DEPARTMENT OF

**JUSTICE, Alberto R. Gonzales,[1] Respondent.**

**Nos. 04–2367–Ag (L), 04–2368–Ag (Con).**

United States Court of Appeals, Second Circuit.

Oct. 13, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, New York, for Petitioner.

Patrick L. Meehan, United States Attorney, Eastern District of Pennsylvania, Robert A. Zauzmer, Chief of Appeals, Karen L. Grigsby, Assistant United States Attorneys, Philadelphia, Pennsylvania, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

Yu Zheng and De Quan Zheng, a husband and wife who are natives and citizens of China, seek review of a BIA decision affirming a decision of Immigration Judge ("IJ") Paul DeFonzo denying their applications for asylum, withholding of removal pursuant to the Immigration and Nationality Act of 1952 ("INA"), and relief pursuant to the United Nations Convention Against Torture ("CAT").[2] *In re Yu Zheng*, No. A 77 922 614 (B.I.A. Apr. 14, 2004), *aff'g* No. A 77 922 614 (Immig. Ct. N.Y. City Nov. 13, 2002).

We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA affirms an IJ's decision by "brief order" pursuant to 8 C.F.R. § 1003.1(e)(5), we review the IJ's decision directly along with any supplemental reasoning provided by the BIA. *See, e.g., Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review factual findings for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–313 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ rejected petitioners' asylum claim as untimely, finding that (1) they had failed to file their claim within one year of arrival in the United States as is required by statute, 8 U.S.C. § 1158(a)(2)(B), and (2) they did not qualify for either the "changed circumstances" or "extraordinary circumstances" exception to the one-year deadline provided by 8 U.S.C. § 1158(a)(2)(D). Turning to petitioners' applications for withholding under the INA and the CAT, the IJ found that petitioners had not met the higher burdens of proof relevant to those claims.

These petitions for review followed and were consolidated by the Court.

Petitioners argue that the IJ and BIA erred in concluding that (1) petitioners' asylum claims were time barred and not subject to an exception and (2) petitioners

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

2. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; *see also* 8 C.F.R. § 1208.16(c) (regulations implementing the CAT).

**68**

did not qualify for relief pursuant to the INA and the CAT.

It is uncertain whether we have authority to review a decision by an IJ or the BIA that an asylum applicant has not demonstrated "changed" or "extraordinary circumstances" meriting relief from the one-year deadline imposed by 8 U.S.C. § 1158(a)(2)(B). *See, e.g.,* 8 U.S.C. § 1252(a)(2)(B) (stating that "no court shall have jurisdiction" to review certain immigration decisions). We need not, and do not, decide this question to resolve the case before us because, even assuming *arguendo* that we may review the IJ's and the BIA's decision that petitioners did not qualify under either exception provided by 8 U.S.C. § 1158(a)(2)(D), we must nonetheless reject petitioners' challenges as being without merit. Upon review of the record, we conclude that the IJ and the BIA did not abuse their discretion in finding that (1) petitioners, who waited more than a year after the relevant "changed circumstances" arose before filing their asylum claims, did not act within a "reasonable" time as required by 8 C.F.R. § 1208.4(a)(4)(ii) and (2) did not demonstrate "extraordinary circumstances" qualifying them for relief as described by 8 C.F.R. § 1208.4(a)(5).

There is also no basis to disturb the IJ's denial of withholding of removal. Substantial evidence supports the IJ's finding that petitioners failed to establish a clear probability that either of them would be subject to any measure of coercive family planning procedures should they return to China. In addition, the IJ's decision to deny petitioners' CAT claim is supported by substantial evidence.

For the foregoing reasons, the petitions for review are DENIED. Our review having been completed, the stay of removal the Court previously granted in these matters is VACATED. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).