MENGPING LU, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–76080.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2008.

Filed April 23, 2008.

Evan L. Murri, Law Offices of Evan L. Murri, PLC, San Gabriel, CA, for Petitioner.

Richard M. Evans, Rebecca Anne Niburg, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Edward H. Kubo, Jr., William L. Shipley, Office of the U.S. Attorney, Honolulu, HI, CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Brooke M. Maurer, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON and WARDLAW, Circuit Judges, and LEIGHTON *, District Judge.

### MEMORANDUM **

Mengping Lu, a native and citizen of China, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), which dismissed his appeal of an order by an Immigration Judge ("IJ") denying Lu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), based on an adverse credibility determination.

We review the decision of the BIA, which agreed with the "outcome reached by the [IJ]" but did not, expressly or by citation to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), adopt or incorporate any of the reasons cited by the IJ in its decision. *Plasencia–Ayala v. Mukasey*, 516 F.3d 738, 743 (9th Cir.2008) ("Where the BIA conducts a de novo review and issues its own decision, rather than adopting the IJ's decision as its own, we review the BIA's decision."). Our review is therefore limited to the grounds on which the BIA explicitly relied.[1] *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir.2004).

■ The BIA's independent adverse credibility determination is not supported

---

\* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Not only does the dissent refuse to limit its review to the grounds upon which the BIA relied, it would uphold the adverse credibility determination under reasoning relied upon by neither the BIA *nor the IJ*. This is plainly contrary to well-established Ninth Circuit precedent. *Marcos v. Gonzales*, 410 F.3d 1112, 1116 (9th Cir.2005) ("Our review [of an IJ's adverse credibility determination] focuses only on the actual reasons relied upon by the IJ."); *Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir.2004) ("[W]hen each of the IJ's or BIA's proffered reasons for an adverse credibility finding fails, we must accept a petitioner's testimony as credible.").

The IJ did not rely on *any* of the alleged inconsistencies that the dissent would use to uphold the adverse credibility determination. The IJ never mentioned the different addresses, postal codes, and phone numbers in Lu's employment records, nor did the IJ note any inconsistency in Lu's asylum application regarding the date his passport was issued.

by substantial evidence. *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir.2007) ("We review adverse credibility findings under the substantial evidence standard."). The BIA noted for the first time on appeal that the return address on a letter submitted as corroborating evidence did not match the address on the author's residence card. However, the residence card was issued seven years before the letter was written, so the discrepancy does not reasonably lead to the inference that the letter was fabricated. Moreover, the IJ did not rely on this supposed inconsistency in his decision, and Lu was never given the opportunity to explain why the addresses differed. Therefore, the BIA's reliance on this ground violated Lu's due process rights. *Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir.1999) ("[Due process requires] that the BIA ... provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum.").

■ The BIA also impermissibly relied upon pure speculation when it concluded that Lu would have been unable to escape China "without incident" using his own "validly issued passport and visa." *Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence."). Lu testified three times that he was put "under surveillance" after being arrested and beaten for practicing Falun Gong, but the government never inquired about what form this surveillance took. Nothing in the record suggests that Lu was under such heavy surveillance that he would necessarily be apprehended when he escaped from China.

■ The government concedes that the BIA's third basis for its adverse credibility finding—Lu's failure to seek asylum in Japan during his twenty-four-hour stopover on the way to the United States—"is really only one of opinion, and not supported by any independent evidence." Moreover, we have specifically held that a petitioner's "failure to apply for asylum in any of the countries through which he passed ... prior to his arrival in the United States does not provide a valid basis for questioning the credibility of his persecution claims." *Damaize–Job v. INS*, 787 F.2d 1332, 1337 (9th Cir.1986); *see also Ding v. Ashcroft*, 387 F.3d 1131, 1140 (9th Cir.2004) (finding "no basis" to assume "that an individual who truly fears persecution in his homeland will automatically seek asylum in the first country in which he arrives").

■ Finally, the BIA relied on the lack of corroborating evidence as to Lu's continuing Falun Gong practice in the United States. However, "when each of the IJ's or BIA's proffered reasons for an adverse credibility finding fails, we must accept a petitioner's testimony as credible" and additional corroboration is generally not required. *Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir.2004). In rare cases, the failure to produce "non-duplicative, material, easily available corroborating evidence," without any credible explanation for such failure, can support an inference that the evidence would have discredited the petitioner, *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000), but this narrow exception to the general rule does not apply here. Lu volunteered corroborating evidence, the veracity of which the BIA did not challenge, that he had practiced Falun Gong in China, so any further corroboration would have been duplicative. Moreover, when asked why he did not bring his roommates to corroborate his current practice in the United States, Lu responded, "I never

The dissent's reliance on these supposed discrepancies is therefore misplaced.

thought of that. I can ask them to come." That Lu was insufficiently prescient about the type of additional corroborating evidence the IJ would require fails to justify an inference that his roommates would have testified unfavorably or that Lu is not currently practicing Falun Gong, especially given that he offered to have them come testify as soon as the government attorney brought it up.

■ Because none of the BIA's proffered grounds supports its adverse credibility determination, we must take Lu's testimony at face value. *Kaur*, 379 F.3d at 890. Lu testified that, as a direct result of his Falun Gong practice, he was detained, beaten, electrically shocked, dragged into a courtyard, and tied to a tree for three hours. *See Zhang v. Ashcroft*, 388 F.3d 713, 720–21 (9th Cir.2004) (holding that the persecution of Falun Gong practitioners constitutes persecution both on the basis of spiritual and religious belief and on the basis of political opinion). Because the BIA never reached the issue, we remand this matter for a determination of whether, accepting Lu's testimony as credible, he is eligible for asylum, withholding of removal, or CAT relief. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *Singh v. Ashcroft*, 362 F.3d 1164, 1172 (9th Cir.2004).

**PETITION FOR REVIEW GRANTED.**

LEIGHTON, District Judge, dissenting.

This court is bound to review adverse credibility determinations for substantial evidence, and we should reverse only if our review of the record compels us to a conclusion contrary to that reached below. *I.N.S. v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006).

In this case, the IJ's adverse credibility finding is supported by numerous material inconsistencies that go to the heart of the petitioner's claim for asylum. The IJ identified many of these contradictions in her oral decision, and the BIA affirmed in a brief order,[1] agreeing with the outcome reached by the IJ, implicitly incorporating her adverse credibility determination, and noting four specific inconsistencies in the petitioner's application that supported the IJ's original finding that the petitioner lacked credibility.

In reaching its desired result here, the majority discards the IJ's reasoning in its

---

1. A BIA opinion may take one of three forms: (1) a *de novo* review and full explanation by a three-member panel, (2) a summary affirmance by a single member, or (3) a "brief order" by a single member. *Uanreroro v. Gonzales*, 443 F.3d 1197, 1203–04 (10th Cir. 2006); 8 C.F.R. § 1003.1(e)(4)–(6) (describing the three options). Where, as here, the BIA's order is drafted by a single member, but lacks the language of an affirmance without opinion, it is of the third, "brief order" variety. *See Diallo v. Gonzales*, 447 F.3d 1274, 1279 (10th Cir.2006).

Thus, contrary to the majority's assumption, the BIA's order in this case does not constitute *de novo* review; in fact, the BIA cannot and does not review credibility determinations *de novo*. 8 C.F.R. § 1003.1(d)(3)(i); *Abdel–Rahman v. Gonzales*, 493 F.3d 444, 448 (4th Cir.2007); *Chen v. Bureau of Citizenship and Immigration Services*, 470 F.3d 509, 513 (2d Cir.2006) ("[T]he BIA is no longer permitted to engage in de novo review of an IJ's factual findings.")

I believe that where the BIA utilizes a brief order and incorporates the IJ's credibility finding, we should continue to examine the IJ's reasons for deeming the applicant not credible. This common sense approach comports with those employed by our sister circuits when reviewing brief orders. *See, e.g., De Quan Zheng v. U.S. Dept. of Justice*, 200 Fed.Appx. 66, 67 (2d Cir.2006) ("Where, as here, the BIA affirms an IJ's decision by "brief order" pursuant to 8 C.F.R. § 1003.1(e)(5), we review the IJ's decision directly along with any supplemental reasoning provided by the BIA.").

entirety, ignores the host of inconsistencies apparent in the record, acknowledges only the four discrepancies noted by the BIA in its brief order of affirmance, and deems the petitioner credible as a matter of law. Because I believe it is error to whisk away the IJ's original grounds for her adverse credibility determination, and because a review of the record reveals substantial and overwhelming evidence supporting that determination, I respectfully dissent.

The petitioner claims he was persecuted because he used his position of power and his place of employment to facilitate Falun Gong practice; thus, where he worked is central to his version of why he was persecuted and fled. Yet the petitioner's proffered employment history is rife with inconsistencies.[2] His motive for acquiring a passport and visa are similarly central, but the petitioner cannot reconcile the story he told in his application for asylum with the date of issue clearly inscribed on his passport.[3] These discrepancies constitute substantial evidence. Especially when taken together, they are more than sufficient to support the IJ's adverse credibility finding.[4] *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir.2006) (a single supported ground for an adverse credibility

determination is sufficient if it goes to the heart of the claim).

The majority disregards these incongruities because they were not cataloged by the BIA in its two-page brief order, and because the BIA's order does not "expressly adopt" or "expressly incorporate" the IJ's opinion. To support this proposition, the majority cites our inapposite opinions in *Andia v. Ashcroft* (reviewing denial of motion to re-open) and *Plasencia–Ayala v. Mukasey* (appeal from *de novo* review by BIA three-member panel), neither of which deals with an adverse credibility finding.

In this case, the BIA's order reads in relevant part:

> We agree with the outcome reached by the Immigration Judge. The respondent has failed to meet his burden of credibly showing past persecution and a reasonable possibility of suffering persecution on account of a protected ground if removed to China. In this regard, we note that the respondent failed to satisfactorily establish the source of a letter from Li Bai where the addresses provided on her resident identification card and accompanying envelope are not consistent.

---

2. The petitioner's supporting documents contain no less than six different names, two different street addresses, two different postal codes, and three different phone numbers—all purportedly belonging to the same company. The majority is technically correct that the IJ never mentioned these specific inconsistencies; rather, based on the "discrepancies within the documentation itself," the IJ concluded that *all* of these documents were probably fake.

3. In his application, the petitioner claims to have obtained his passport after he was arrested and tortured in March 2001, but the passport was issued in January 2001. Perhaps realizing his mistake, the petitioner changed his story and testified at his removal hearing that he originally acquired his passport for the purpose of visiting his son in

Russia. The IJ's adverse credibility determination contains the following summary of this amended tale:

> The respondent states that he received his passport to come to the United States two months prior to any of his arrests or persecution, because he wanted to go visit his son in Russia for study purposes. When the respondent was successful in obtaining his passport in January of 2001, however, he did not go visit his son. He, instead, chose to come to the United States.

4. Additionally, the IJ cited inherent implausibilities in the petitioner's testimony, a lack of readily available corroborating evidence, and the incredible contents of supporting affidavits (a conclusion which she supported by referencing the country report).

(internal citations omitted). While this language is no model of clarity, the BIA's intent to adopt the IJ's credibility determination cannot reasonably be disputed—irrespective of whether the BIA ever uttered the magic word "adopt" or referenced by name its decision in *Burbano*. Indeed, the petitioner's own lawyer conceded at oral argument that the BIA had "essentially adopted the Immigration Judge's findings and then added their own." Where "the BIA appears to have adopted the IJ's reasons for h[er] negative credibility finding, we look to the IJ's decision for further guidance as to the basis of the BIA determination." *Garrovillas v. I.N.S.*, 156 F.3d 1010, 1014 (9th Cir.1998). I would do so here, and because my review of the record fails to compel me to the conclusion that the petitioner *is* credible, I would deny the petition.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.